1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **EASTERN DISTRICT OF CALIFORNIA**
10

11  UNITED STATES OF AMERICA,                )   Case No.: 1:19-cv-0275 NONE JLT
                                             )
12               Plaintiff,                  )   ORDER VACATING THE HEARING DATE OF
                                             )   APRIL 16, 2021
13          v.                               )
                                             )   FINDINGS AND RECOMMENDATIONS
14  DONALD R. RICHARDSON, et al.,            )   GRANTING PLAINTIFF'S MOTION FOR
                                             )   DEFAULT JUDGMENT
15               Defendants.                 )   (Doc. 45)
                                             )
16  _____ )

17          The Government seeks to enforce a federal judgment lien and federal tax liens against certain

18  real property in Bakersfield, California, owned by judgment debtor Donald Richardson.  (*See generally*

19  Doc. 1.)  Because Richardson failed to respond to the allegations in the complaint, the Government now

20  seeks default judgment against Richardson.  (Doc. 45.)

21          The Court finds the matter suitable for decision without oral argument.  Therefore, the Court

22  takes the motion under submission pursuant to Local Rule 230(g) and General Order 618, and the

23  hearing date of April 16, 2021 is **VACATED**.  For the following reasons, the Court recommends the

24  motion for default judgment be **GRANTED**.

25  **I.      Background and Procedural History**

26          The Government initiated this action by filing a complaint on February 27, 2019, related to a

27  judgment lien and federal tax liens against property located at 32712 Harmony Drive, Bakersfield,

28  California.  Through the complaint, the Government "seeks an order that the federal tax liens and the

1  judgment lien on the Property be foreclosed, that the Property be sold pursuant to 26 U.S.C. § 7403(c)

2  and 28 U.S.C. § 2001, and that the proceeds … be distributed in accordance with the priorities provided

3  by law." (Doc. 1 at 1-2, ¶ 1.)

4        Although the Government reports the property is owned by Richardson, others who could

5  claim an interest in the subject property were also named as defendants pursuant to 26 U.S.C. §

6  7403(b) including: Timothy Kowalski, the City of Bakersfield, and the Kern County Tax Collector.

7  (*See* Doc. 1 at 3.)  The Government noted, "A judgment lien in favor of Timothy Kowalski and against

8  Donald Richardson was recorded with the Kern County Recorder on July 28, 2017." (*Id.*)  In addition,

9  the City of Bakersfield "recorded a weed abatement lien on February 13, 2017, with the Kern County

10  Recorder." (*Id.*)  Finally, the Government indicated "[t]he Kern County Tax Collector may claim an

11  interest in the Property based on unpaid ad valorum tax." (*Id.*)

12        The Court issued the summons on February 28, 2019.  (Doc. 3.)  The Government served the

13  summons and complaint upon Timothy Kowalski on March 7, 2019; the City of Bakersfield on March

14  8, 2019; and the Kern County Tax Collector on March 8, 2019.  (Docs. 8, 9, 10.)  On March 29, 2019,

15  the Kern County Tax Collector filed its answer, in which it "disclaim[ed] any right, title, claim, or

16  interest in the subject property… described in the Complaint." (Doc. 5.)  Similarly, the City of

17  Bakersfield filed "Disclaimer of Interest," reporting its lien was "fully paid" on March 29, 2019.

18  (Doc. 6 at 1.) Kowalski and the Government stipulated to the priorities of their liens and Kowalski was

19  "excused from further participation in [the] case" on December 14, 2020.  (Doc. 43 at 3.)

20        Richardson was also served with the summons and complaint (Doc. 32) but failed to respond

21  within the time prescribed by the Federal Rules of Civil Procedure.  The Clerk entered default against

22  Richardson upon application by the Government on November 13, 2020.  (Docs. 36, 37.)  The

23  Government filed the motion for default judgment now pending before the Court on March 19, 2021.

24  (Docs. 36, 37.)  Richardson has not appeared or opposed the motion.

25  **II.**   **Legal Standards Governing Default Judgment**

26        The Federal Rules of Civil Procedure govern the entry of default and default judgment.  After

27  default is entered because "a party against whom a judgment for relief is sought has failed to plead or

28  otherwise defend," the party seeking relief may apply to the court for a default judgment.  Fed. R. Civ.

2

P. 55(a)-(b).  Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven.  *Pope v. United States*, 323 U.S. 1, 22 (1944); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment.  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), *accord Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  As a general rule, the issuance of default judgment is disfavored.  *Id.* at 1472.

**III.     Factual Allegations and Evidence**

The Court accepts the factual assertions as true because default has been entered against Defendant.  *See Pope*, 323 U.S. at 22.  With the motion now pending, the Government has also presented evidence, including in declaratory form and exhibits, which support the allegations in the complaint.

The Government reports Richardson failed to pay "federal individual income tax for the taxable years ending December 31, 1992 through and including December 31, 1997."  (Doc 1 at 4, ¶ 11.)  "Richardson is indebted to the United States in the amount of $1,401,049.30, plus interest from May 24, 2004, pursuant to 26 U.S.C. § 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid, according to a judgment entered in the United States District Court for the District of Arizona, on September 5, 2007."  (*Id.* at 3, ¶ 6, citing *United States v. Richardson*, Civ. No. 04-0739-PCT-DGC (D. Ariz.).)  "An abstract of the Judgment was recorded with the Kern County Recorder on February

27, 2015," as Document No. 0215022516.  (*Id.*, ¶ 15.)

According to the Government, "Richardson continues to owe in excess of $ 2 million on the Judgment."  (Doc. 1 at 4, ¶ 12.)  The Government also reports the "tax and judgment liens continue to attach to Donald R. Richardson's interest in the Property."  (*Id.*, ¶ 16.)  The Government contends these "tax liens have priority over all interests in the Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323."  (*Id.*, ¶ 17.)  Further, the Government asserts that "[u]nder 28 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Property to enforce its tax liens on the property of Donald R. Richardson."  (*Id.*, ¶ 18.)

## IV.    Discussion and Analysis

Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds the factors weigh in favor of granting the Government's motion for default judgment.

### A.      Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered, and potential prejudice to the plaintiff weighs in favor of granting a default judgment.  *See Pepsico, Inc.*, 238 F. Supp. 2d at 1177.  Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages.  *Id.*; *see also Microsoft Corp. v. Nop*, 549 F. Supp.2d 1233, 1236-37 (E.D. Cal. 2008) ("Plaintiff will be prejudiced if default judgment is denied because plaintiff will be without other recourse for recovery").

Because the Government has no other means to address Richardson's interest in the subject property or enforce the liens, the Court finds Plaintiff would be prejudiced if default judgment is not granted. *See United States v. Shore,* 2012 U.S. Dist. LEXIS 25678 at *6 (E.D. Cal. Feb. 23, 2012) (finding prejudice because "the Government has no other means of addressing [the] potential interests in the subject property").

### B.      Merits of Plaintiff's claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of Plaintiff's claims and the sufficiency of the complaint together.  *See Yelp Inc. v. Catron,* 70 F. Supp. 3d 1082, 1098 (N.D. Cal. 2014) ("For ease of analysis, the merits of Plaintiffs substantive claims and sufficiency of the complaint are considered together"); *see also Premier Pool Mgmt. Corp. v. Lusk*, 2012 WL 15932060, at *5 (E.D.

4

Cal. May 4, 2012).  The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover."  *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

Congress has authorized the IRS to collect outstanding tax liabilities. Pursuant to 26 U.S.C. § 7403(a), when a taxpayer refuses or neglects to pay his federal taxes, the United States can bring a civil action in federal court to enforce a tax lien or to subject the taxpayer's property to the payment of such federal taxes.  After all parties have been notified of the action, the Court shall determine the merits of all claims to and liens upon the property.  26 U.S.C. § 7403(c).  When the United States establishes its interest in the property, the Court may direct a sale of the property.  *See id.*

The Government argues that it has complied with the statutory requirements and is entitled to foreclosure of its judgment lien for taxes against the Property owned by Richardson.  (Doc. 45-1 at 6.) The allegations of the complaint are supported by evidence include a title report for the Property that indicates Richardson is the owner, and IRS account transcripts.  (*See* Doc. 45-3.)  Based upon the allegations of the complaint and supporting documentation, the Court finds the Government has a valid federal tax lien against Richardson's property, and the federal tax and judgment liens on the Property may be foreclosed.  Thus, these factors support the entry of default judgment.  *See Shore*, 2012 U.S. Dist. LEXIS 25678 at *6.

### C.      Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *Pepsico, Inc.*, 238 F.Supp.2d at 1176.  Here, the Government reports it "is not seeking damages or any other monetary relief [from] Richardson in this action."  (Doc. 45-1 at 6.)  Instead, the Government maintains asserts this factor supports the entry of default judgment because it "is seeking to enforce its existing judgment lien against the Property."  (*Id.*)

Notably, even if the Court were to consider the monetary value, the amount owed is directly proportional to Richardson's conduct and failure to pay his taxes.  Thus, this factor does not weigh against weigh against default judgment.

### D.      Possibility of dispute concerning material facts

There is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts factual allegations in the Complaint as true and (2) though properly served,

Richardson failed to appear and defend.  *See Pepsico, Inc.*, 238 F.Supp.2d at 1177; *see also Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists").  Therefore, this factor does not weigh against default judgment.

### E.    Whether default was due to excusable neglect

Generally, the Court will consider whether a defendant's actions— such as failure to file an answer— is due to excusable neglect.  *See Eitel*, 782 F.2d at 1472.  Here, Richardson was served with the summons and complaint on August 17, 2020.  (Doc. 32.)  In addition, Jonathan Hauck, counsel for the Government reports that Richardson "contacted [him] by telephone regarding this litigation," and they "had multiple conversations" between December 2020 and March 2021.  (Doc. 45-2 at 2, Hauck Decl. ¶¶ 7-8.)  Thus, it is clear Richardson is aware of the suit, and it is unlikely the failure to respond was the result of excusable neglect.  *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants "were properly served with the Complaint, the notice of entry of default").  Accordingly, this factor does not weigh against default judgment.

### F.    Policy disfavoring default judgment

As noted above, default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  Here, however, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against default judgment because Richardson's failure to appear makes a decision on the merits impractical.

## V.    Relief Requested

Because *Eitel* factors weigh in favor of granting default judgment, the Court turns to the relief requested by the Government.  "When the Secretary of the Treasury has requested that the Government sue to enforce a tax liability, the Court has jurisdiction to enforce the lien and subject the property to payment of tax."  *See Shore*, 2012 U.S. Dist. LEXIS 25678 at *6 (citing 26 U.S.C. § 7403(a)). "This jurisdiction includes the power for the Court to determine all claims or liens on the subject property, to order the property sold when appropriate, and to distribute the sale proceeds."  *Id.*  Because Richardson

has not appeared to defend in this action, the entry of default judgment is appropriate, and the Court may foreclose the judgment lien for federal taxes against Richardson.

## VI.     Findings and Recommendations

The *Eitel* factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court.  *See Aldabe*, 616 F.2d at 1092.  Based upon the foregoing, the Court **RECOMMENDS**:

1.    The motion for default judgment (Doc. 45) be **GRANTED**;

2.    The judgment lien for federal taxes against Donald R. Richardson encumbering the Property be foreclosed; and

3.    The Government be directed to submit an Order of Foreclosure and Judicial Sale of the Property within 30 days of any order adopting these recommendations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).


IT IS SO ORDERED.

Dated:   __April 13, 2021__          _____ /s/ Jennifer L. Thurston__
                              CHIEF UNITED STATES MAGISTRATE JUDGE

7